REVISED OPINION
FERGUSON, Judge.
Defendant appeals from a final judgment of conviction and sentence on counts of grand theft and dealing in stolen property. Three issues are presented: (1) whether there was sufficient evidence to establish the requisite elements of knowledge or intent with respect to either of the offenses; (2) whether the trial court violated defendant’s sixth amendment rights by precluding him from consulting with his attorney during a thirty-minute trial recess; and (3) whether defendant can be convicted of both dealing in stolen property and grand theft arising out of the same episode. We reverse the conviction for grand theft but affirm the conviction for dealing in stolen property.
Detective Brost of the Key West Police Department was the State’s main witness. He testified to the following. Sometime between December 24, 1982 and December 26, 1982, a bar in Key West was burglarized. A subsequent inventory revealed that a microwave oven, a television, and approximately twenty to thirty bottles of liquor were missing. A lieutenant at the Monroe County Sheriff’s office received information from a confidential informant that a stolen television set and liquor could *181 be located at the apartment of defendant. When Detective Brost arrived at the apartment building he noticed that the defendant, who was standing outside his apartment, matched the description provided by the informant. Brost identified himself and advised the defendant that he had received information that there was stolen property in the apartment. The door to the one-room apartment was open and the detective asked defendant to step outside the apartment so that they could talk. Brost was then able to see the liquor and a microwave in the apartment. He advised the defendant of his Miranda rights. The defendant then invited Brost to enter the apartment where Brost observed that the microwave, which was unplugged on the floor, and the twelve bottles of liquor fit the description of the stolen property.[1] Eight of the bottles were sealed, and the remainder were partially consumed. After defendant was arrested and warned of his rights, he was asked why he had the microwave and liquor in his apartment. His answer was that he was out of a job and needed money.[2] When defendant was asked at the police station how he got the items, he replied that a friend had dropped by his house and given him the microwave which he was going to sell for $200.[3] The agreement was to keep $50 for himself and give the balance to his friend. The friend also had a lot of liquor in his car and defendant “took his pick of the liquor.” The defendant refused to reveal the name of his friend.
At trial defendant testified that: (1) he made a living by buying and selling goods at flea markets; (2) he purchased the microwave from Art, a fellow flea market dealer, for $150 and was going to sell it for $200 and keep the $50 profit; and (3) he received the liquor in payment of a debt that Art owed him.
During direct examination, defense counsel asked his client whether he had ever been charged with theft or burglary before, to which defendant replied in the negative. Defense counsel mistakenly believed that the defendant’s arrest for theft and burglary while on bond in the instant case could not be the subject of impeachment on cross-examination because that arrest occurred subsequently. Prior to cross-examination, the assistant state attorney requested a recess so that he could research the proper method of impeaching the defendant’s credibility with the unrelated arrest for which defendant had not yet gone to trial.
When the recess was taken, defense counsel asked to speak with the defendant who was in custody. The court denied the request. After the trial resumed a half-hour later with cross-examination, defendant admitted that he was then in jail on another theft and burglary charge which had occurred subsequent to the charge for which he was being tried. He stated that he “just wasn’t thinking” during the direct examination because he had never before been arrested for theft. Defendant proceeded to explain the circumstances of the arrest for the later offense.
Upon completion of the evidence, defendant’s motion for judgment of acquittal was renewed and denied. The jury found the defendant guilty on both counts.
We reject defendant’s first argument that there was insufficient evidence to sustain his convictions for grand theft and dealing in stolen property. The proof of defendant’s possession of property recently stolen was sufficient to give rise to an inference that he stole the property. See § 812.022(2), Fla.Stat. (1983). The proof that defendant purchased or sold stolen property as a dealer in such property, out of the regular course of business and without the usual indicia of ownership other than mere possession, was sufficient to give rise to an inference that he knew the
*182 property purchased or sold to be stolen. See § 812.022(4), Fla.Stat. (1983).
The reasonableness of an accused’s explanation of his possession of recently stolen property is a question of fact for the jury, to be considered in connection with all the facts in the case. Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981). The jury in this case heard and rejected appellant’s explanation, which was not reasonable or totally exculpatory.
Appellant’s main argument is that the court erroneously prevented him from consulting with his attorney during a recess. The prejudice he contends, essentially, is that if he had been given another opportunity to confer with counsel, he would have come up with a better explanation for the mistruth spoken to the jury under oath. He argues that the entire case depended upon the jury’s perception of his credibility.
Appellant’s harm resulted not from being deprived of a right to confer with counsel, but from having testified falsely to the question regarding other arrests. After the question had been asked “the door was opened” and the State had a right to bring before the jury the fact that defendant was then incarcerated awaiting trial for similar offenses. Prejudice sprang from a combination of false testimony and the invited evidence of a subsequent arrest for burglary and theft.
Appellant’s false denial as to other arrests was a calculated act for which no explanation has been suggested other than bad advice of counsel. If there be any merit to the claim it should be pursued by motion for post conviction relief. The brief restraint placed on appellant’s consultation with his attorney was error, but in this case it was harmless because it resulted in no cognizable prejudice. See Bova v. State, 410 So.2d 1343 (Fla.1982); see also Recinos v. State, 420 So.2d 95 (Fla. 3d DCA 1982) (rehearing en banc) (harmless error occurs when a mistaken trial court ruling is shown not to have affected the final result of the litigation).
The conviction for grand theft, a third degree felony, is reversed as appellant cannot be convicted of both dealing in stolen property and grand theft arising out of the same episode. Ridley; § 812.025, Fla.Stat. (1983). The conviction for dealing in stolen property, a second degree felony, is affirmed.
Affirmed in part; reversed in part.
NESBITT, J., concurs.

. The owner of the bar identified the microwave and liquor as the stolen items.

. On cross-examination defendant denied having said that he did not have any money.

.On cross-examination defendant stated that his friend did not “give” him the microwave but that he paid his friend for the oven, and was going to sell it for $200.