507 So.2d 1074 (1987)
Dennis Wayne THOMPSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 68187.
Supreme Court of Florida.
April 23, 1987.
Rehearing Denied June 24, 1987.
Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit, and Richard J. Preira, Sp. Asst. Public Defender of the Law Offices of Weinstein & Preira, Miami Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Randi Klayman Lazarus and Richard L. Kaplan, Asst. Attys. Gen., Miami, for respondent.
BARKETT, Justice.
We have for review Thompson v. State, 480 So.2d 179 (Fla. 3d DCA 1985), because of express and direct conflict with Bova v. State, 410 So.2d 1343 (Fla. 1982), and State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
During the trial, the court precluded the defendant from consulting with his counsel during a recess. The district court correctly determined this to be an erroneous deprivation of the defendant's right to counsel. The issue before us is whether the district court applied the appropriate test in determining that this error was harmless.
Dennis Thompson was charged with grand theft and dealing in stolen property. While testifying at trial, Thompson was asked by his lawyer if he had ever before been charged with theft, burglary, or dealing in stolen goods. Thompson answered "no." In fact, Thompson had been arrested for a theft and burglary while out on bond on the instant charges. Thompson's original negative answer was apparently given pursuant to the advice of defense counsel, who erroneously believed that despite his question this arrest could not be the subject of impeachment on cross-examination because it had occurred subsequent to (and therefore not "before") his arrest for the offenses charged in this case.
Prior to cross-examination, the state obtained a recess to research the proper method of impeaching Thompson with this subsequent arrest. During the recess, defense counsel requested the opportunity to consult with his client. The trial judge *1075 denied this request because Thompson was "still on the stand." During the subsequent cross-examination on this arrest, unexpected by the defendant and his counsel prior to the recess, Thompson gave an imprecise response to the state's first question regarding the unrelated arrest and then volunteered a summary of the facts surrounding this occurrence for which he had not yet been tried.
In affirming Thompson's conviction, the Third District acknowledged that the trial court erred in precluding the requested consultation, but found the error to be harmless because there was no "cognizable prejudice." Although our decision in Bova held that a harmless error analysis for such an error is required, the district court failed to follow the harmless error test set out in Bova.
In Bova, this Court held that a defendant's right to counsel encompasses the right to consult with his attorney during any trial recess, even if the recess is in the middle of the defendant's testimony. 410 So.2d at 1344. The Bova court, however, then employed the harmless error test set out in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), to the deprivation of that right during a recess. The court reviewed the entire record and found beyond a reasonable doubt that the restraint on defense consultation did not contribute to the jury's verdict.
In the instant case, the district court did not apply the Chapman harmless error test. Instead, the court found the error to be harmless simply "because it resulted in no cognizable prejudice." 480 So.2d at 182. This is not the appropriate standard. As we recently explained in State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986), the harmless error test
is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Applying this test to the facts of this case, we find that the trial court's error in denying attorney-client consultation during the recess in question was not harmless. Thompson's credibility was a crucial issue in his trial. The state was granted a thirty-minute recess for the sole purpose of researching ways to impeach him regarding a subsequent arrest which his lawyer had apparently advised him would be inadmissible. Thus, Thompson was denied the guidance and support of his attorney when he needed it most (i.e., when the state was preparing for a major attack on his credibility). This denial left Thompson nervous, confused, and may have contributed to his performance on cross-examination. We are not in a position to say with any certainty that a consultation with his attorney at this juncture would have made any difference. Had the attorney-client consultation been allowed, defense counsel could have advised, calmed, and reassured Thompson without violating the ethical rule against coaching witnesses. Because of the possible effect of this ruling on the perception of Thompson's credibility and the importance of his credibility to his theory of defense, we cannot say there is no reasonable possibility that the error did not affect the jury verdict. Thus, the error is harmful.
Accordingly, we disapprove the decision of the district court with directions that the case be remanded to the trial court for a new trial.
It is so ordered.
McDONALD, C.J., OVERTON, J. and ADKINS, J. (ret.), concur.
EHRLICH, J., concurs in result only with an opinion.
SHAW, J., concurs specially in result only with an opinion.
*1076 EHRLICH, Justice, concurring in result only.
I concur in result solely because of this Court's holding in Bova v. State, 410 So.2d 1343 (Fla. 1982) (Bova II). Except for Bova II, I would hold that the trial judge was correct in denying defense counsel's request to consult with his client during a brief recess while he was on the witness stand.
Cross-examination is so very critical in our adversary system. It can correctly be characterized as the crucible out of which our system expects the truth to flow. I think there is a delicate balance between a defendant's right to consult with his lawyer while he is on the witness stand, and the right of the state to proceed with its cross-examination of a defendant without the intercession of his counsel. I do not believe defendant had the right to consult with his counsel under the facts of this case, and it is my opinion that the trial judge acted properly. I agree with Justice Shaw that Bova II should be revisited.
It appears clear to me that the defendant wanted to talk to his lawyer not about strategy and tactics of the case in general, but specifically about the facts relating to his cross-examination. When a defendant makes the decision to testify in his own behalf, he knows that he is going to be subject to cross-examination by the state and he should not be permitted to look to his counsel for guidance at this critical juncture in the truth seeking process. That is what cross-examination is all about and it should not be tampered with.
SHAW, Justice, specially concurring in result only.
I agree that under these circumstances it was error to restrict consultation with counsel. Because the state has not shown the error to be harmless, it is, therefore, harmful by definition. In my view, however, Bova v. State, 410 So.2d 1343 (Fla. 1982) (Bova II), on which we rely, is analytically flawed in that it contains both incorrect and correct statements of the law. I would take this occasion to clarify and correct Bova II.
In Bova v. State, 392 So.2d 950 (Fla. 4th DCA 1980) (Bova I), a defendant under cross-examination advised the trial court that he was confused and requested a ten-minute recess. Apparently reasoning that the pursuit of truth would be served, the trial court granted a fifteen-minute recess but refused to permit consultation between the defendant and counsel during the recess. The district court of appeal affirmed, reasoning that there was no right to consult counsel in the midst of a cross-examination, and held that the minimal restriction was not an abuse of discretion or an impermissible impairment of the right to assistance of counsel. In the alternative, assuming there was error, the court found the error to be harmless. The court was careful to "emphasize the narrow scope of our holding; it embraces a brief recess in the midst of cross-examination which did not usurp time customarily available for planning and consultation." Bova I at 956 (emphasis supplied). The court was also careful to point out that assistance of counsel during cross-examination took
the form of vigilant attention to the proceedings, and, where appropriate, the imposition of proper objections to insure that the tone of cross-examination is not shrill, that the defendant is not badgered, that the question is not compound, and that the defendant is afforded ample opportunity to fully explain and complete his answer.
Bova I at 954-55. Alternatively stated, the court holding can be reduced to the common sense observation that there can be no impermissible denial of a right to consultation unless there is first a permissible right to consultation. In my view, the Bova I court not only reached the correct result but very perceptively analyzed the factors bearing on the issue and correctly grounded the decision on the absence of a right to consultation during cross-examination and the short duration of the restriction.
In Bova II we approved the result below but adopted a different rationale. We first held, contrary to the decision below, that "no matter how brief the recess, a defendant in a criminal proceeding must have *1077 access to his attorney." Bova II at 1344-45. In so holding, we relied on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), thus equating a temporary restriction measured in minutes with the total refusal to provide counsel for an indigent, as in Gideon, or the total prohibition of access to counsel during a seventeen-hour, overnight, recess, as in Geders. Logically, having found a total denial of counsel in violation of Gideon, our only recourse, in view of Chapman v. California, 386 U.S. 18, 23 n. 8, 87 S.Ct. 824, 828 n. 8, 17 L.Ed.2d 705 (1967), should have been to hold that per se reversible error had occurred and to order a new trial. Nevertheless, we went on to conduct a harmless error analysis. Based on the record, we concluded that no prejudice had occurred from the brief restraint of defense consultation and that the jury's verdict had not been affected. This finding of harmless error should have given us cause to reexamine our premise to determine if we were, in fact, dealing with a Gideon-type violation. A total denial of counsel is so pervasive that its impact on a fair trial and a jury verdict can never be isolated for harmless error analysis. It is, thus, harmful error by definition and per se reversible error. This cannot be said of a temporary restriction on the right to consult counsel during a brief recess in a trial as demonstrated by our finding of harmless error in Bova II. This point was later explicated in DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986), where we stated:
The test of whether a given type of error can be properly categorized as per se reversible is the harmless error test itself. If application of the test to the type of error involved will always result in a finding that the error is harmful, then it is proper to categorize the error as per se reversible. If application of the test results in a finding that the type of error involved is not always harmful, then it is improper to categorize the error as per se reversible. If an error which is always harmful is improperly categorized as subject to harmless error analysis, the court will nevertheless reach the correct result: reversal of conviction because of harmful error. By contrast, if an error which is not always harmful is improperly categorized as per se reversible, the court will erroneously reverse an indeterminate number of convictions where the error was harmless.
Our reliance in Bova II on Geders was misplaced. In Geders, the trial court totally prohibited any consultation with counsel during an overnight recess. In holding that this was reversible error, the Geders court focused on the length of the prohibition, seventeen hours, and the need for counsel and client to discuss various aspects of the trial other than the client's testimony on cross-examination, during a period when such consultation normally takes place. In short, Geders is grounded on the length and totality of the prohibition against consultation. The Court, in fact, took pains to emphasize that it was not addressing brief recesses during the trial day. Significantly, it also took pains to make clear that counsel could not ethically attempt to influence the forthcoming testimony during the recess and that the court, and the state, had "other ways to deal with the problem of possible improper influence ... short of putting a barrier between client and counsel for so long a period as 17 hours." Geders, 425 U.S. at 89, 96 S.Ct. at 1336.
Based on my reading of Geders, I am persuaded that placing restrictions on consultations between client and counsel which is not over broad or overlong is within the discretion of a trial judge and is not error. Any number of hypothetical instances might be created, but I will give only one. To vary the circumstances of the present case, assume that defense counsel, instead of the state, had requested a recess to research the law on cross-examination by the state and to consult with the defendant. Within his discretion, the judge could have properly concluded that it was appropriate to grant a recess for research but not for consultation and to so order. This "restriction" on consultation would be proper for at least three reasons. First, *1078 there is no absolute right to interrupt a trial for consultation between client and counsel. Refusal of a request for recess does not, per se, constitute a denial of the right to counsel. Second, recesses are granted for specific purposes and the time allowed is for those specific purposes. It would not be an abuse of discretion for the judge to rule that the research would commence immediately upon recess and the trial would resume immediately upon completion of the research. This would not constitute a denial of the right to counsel. Third, counsel cannot be permitted to improperly do indirectly or by subterfuge what cannot be properly done directly. If a trial court denied a request for recess for one purpose but grants it for another purpose, it is the prerogative, even the duty, of the court to see that its orders are obeyed. There is no abuse of discretion in doing so, nor is there any denial of the right to counsel.
For the above reasons, I would clarify Bova II by making it clear that temporary or qualified restrictions on access to counsel are not necessarily denials of the right to counsel and, thus, are subject to harmless error analysis.