530 So.2d 391 (1988)
Gary PENDER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-481.
District Court of Appeal of Florida, First District.
August 12, 1988.
*392 Michael E. Allen, Public Defender, and Maria Ines Suber, Asst. Public Defender, Tallahassee, for appellant.
Robert Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Gary Pender appealed from his conviction and sentence. He raised the following three points for our review: (1) Whether the trial court erred by allowing the state to inform the jury that appellant was charged with two counts of burglary and grand theft, when subsequently the court severed the counts and proceeded on only one burglary and theft incident; (2) Whether the trial court erred by allowing appellant to be tried by less than a six-member jury; (3) Whether the trial court erred by admitting similar fact evidence. Under the circumstances that occurred in this case, we find no error as to points two and three and affirm those rulings without further comment. However, we find that the trial court erred as to issue one, and such error requires reversal and the granting of a new trial.
Appellant was charged with burglary of a dwelling while armed and grand theft. Prior to trial, the state moved to consolidate this case with another case in which appellant was charged with burglary of the same dwelling and another grand theft. The state also gave notice of its intent to use similar fact evidence that, three months previously, appellant had trafficked property by selling a .22 caliber rifle that he knew or should have known was stolen. Over the objection of defendant, the court granted the state's motions to consolidate and to introduce the similar fact evidence. However, after a jury had been selected but before they were sworn, upon further consideration the court changed its mind about trying the two cases together. The court severed the other case involving a burglary and theft of a VCR and determined to try it later, even though by this time the jury had already been advised during voir dire that the case involved two burglaries of the same dwelling, and two grand thefts.
The jury heard testimony by the victim that he discovered two rifles missing from his house, and that his back door had been pried open. One of the rifles was returned to him by an investigator and one was still missing. A deputy sheriff testified that upon investigation he found the back door was not damaged and there were no fingerprints or footprints found that matched those of appellant. Mr. Wester, an investigator with the Jackson County Sheriff's Office, testified that, after receiving a phone call about the crime, he stopped a vehicle in which he found appellant in the passenger side holding a rifle between his legs. This rifle was identified as one recently stolen and was returned to the victim.
Several state witnesses testified that appellant offered to sell them rifles. Some of the witnesses actually saw the guns and some did not. Mr. Anderson, an investigator with the State Attorney's Office testified that he received information that Arthur Lee Smith had one of the rifles which was stolen during the incident, and he recovered the rifle when he went to Mr. Smith's home. Another witness, Mr. Owens, testified to similar fact evidence, and stated that a few months earlier a rifle was stolen out of his truck which was parked behind his home. Mr. Owens' gun was discovered at the home of an individual who supposedly had bought the gun from appellant.
The jury returned verdicts of guilty as charged. Appellant was sentenced in accordance with the guidelines to 4 1/2 years incarceration on each offense, the sentences to run concurrently.
*393 Appellant accurately summarizes the trial proceedings regarding how the jury during voir dire was informed several times that appellant was charged with two incidents involving burglary and grand theft. Even the exact dates of the separate offenses were revealed. However, the trial proceeded on just one of the alleged offenses. Although from the beginning, defendant had objected to the consolidation of the two cases, it was only after the judge determined that the "similar fact evidence" regarding a prior theft of a rifle would be admitted did defense counsel convince the state to sever the offenses, on grounds that a theft of a rifle was not similarly related to theft of a VCR.
At that point, the state agreed to segregate the cases. Defense counsel realized that there was still a problem remaining with the jury that was waiting to be sworn, and expressed his concern. The following exchange occurred:
[Prosecutor] MR. SMITH: Let me give it one more lick. Let's segregate the case, let's do the rifle case and let me enter the Williams Rule evidence.
The COURT: Do you object to that? That's what you want, isn't it? You are not treating Guy [prosecutor] right now.
[Defense Counsel] MR. GREEN: Judge, and I'd like the cases to be segregated, and I think they should be, the problem that I see and I hate to keep bringing up problems, I'm trying to protect my client and myself, too, is that we have already, you know, selected the jury and we have mentioned somewhat about two different burglaries at this particular time. Now, the jury has not been sworn at this point and time, but I don't know what type of problems we would be creating with segregating when I think they should be with this particular jury.
[Prosecutor] MR. SMITH: I don't remember mentioning anything about two burglaries, did I?
The COURT: I don't remember it. Let's just go ahead and try him with the rifle case. (TR. 88-89).
Appellant argues that the above exchange constitutes an objection to utilizing the jury waiting to be sworn, and such objection was overruled. As a result of the court's ruling, which denied dismissing the jury that had heard the prosecutor speak of the two burglaries, appellant argues that his right to a fair and impartial jury was violated. The state responds on appeal that the question of appellant's right to a fair and impartial jury was not raised before the trial court, and that appellant has not argued that such error was fundamental. We acknowledge that appellant could have been more forceful in making his objection. However, we construe defense counsel's response to the court's query, "Do you object to that?", to be a sufficiently positive response which constitutes a voiced objection. Further, we construe the court's decision, absent remembering whether mention of two burglaries did occur, to go ahead and try the case with the selected jury, as in effect, overruling appellant's objection.
In light of the above, we disagree with the state, and find that appellant did raise the question before the trial judge of whether appellant would receive a fair and impartial jury. It is unfortunate in that in response to defense counsel's raising the issue of the tainted jury, the prosecutor and trial judge merely relied upon their memory in expressing that they "did not recall" whether both burglaries had been mentioned, and on this basis the trial proceeded on the rifle case with the original jury. There apparently was a court reporter and the issue could have been determined easily by a study of the reporter's notes or recording.
We agree with appellant that, when applying the DiGuilio harmless error test to the facts presented here, we cannot say beyond a reasonable doubt that the knowledge of the existing additional charges against appellant of burglary and grand theft did not affect the jury's verdict. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986); Thompson v. State, 507 So.2d 1074 (Fla. 1987). Further, we find that the trial judge erred by proceeding with the original jury based on his "not remembering" whether the jury was informed of both burglaries, rather than establishing the truth and making an informed decision to proceed. Although it is tempting to weigh the evidence presented *394 at trial, and conclude that "the overwhelming evidence" allows an affirmance of appellant's conviction, the DiGuilio harmless error test "is not a sufficiency-of-the-evidence ... a substantial evidence ... or even an overwhelming evidence test." 507 So.2d at 1075. As appellant argues, "[h]armless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact." Id. (Emphasis supplied.)
Cases cited by appellant, although not totally on point, do support his argument that a "jury is bound to be unfairly prejudiced against the accused by reason of their knowledge of his arrest for another crime." Kelly v. State, 371 So.2d 162, 163 (Fla. 1st DCA 1979), (where this court reversed appellant's conviction because some jurors knew appellant was to be tried for another offense as well as the present one.) In Wilding v. State, 427 So.2d 1069, 1070 (Fla. 2d DCA 1983), where appellant's conviction was reversed because a juror explained during jury selection that he knew of previous charges against defendant, the district court found that "the prejudice to appellant is almost as certain to be as great, if not greater, when the information is received in this manner rather than when it is a part of the prosecutor's evidence and subject to protective procedures." Id. We find that the same rationale applies to the circumstances of the instant case.
The state's response relies upon Silver v. State, 188 So.2d 300 (Fla. 1966). Silver is factually distinguishable, as it involves defendant's failure to challenge the constitutionality of the statute under which he was charged at the trial level. In addition, that case was decided long before the supreme court's focus on the "harmless error test" was pronounced in DiGuilio. Therefore, we reverse appellant's conviction and sentence and remand for a new trial.
MILLS and SHIVERS, JJ., concur.