THOMPSON, Judge.
Defendant appeals his conviction and sentence for possession of a firearm by a convicted felon. We affirm.
Defendant contends the lower court erred in informing the jury that he was also on trial for burglary and grand theft. He was charged by information with burglary of a conveyance, grand theft of a firearm, and possession of a firearm by a convicted felon. He entered a plea of not guilty and the case was set for jury trial on March 17, 1987. The defendant filed a motion to sever the possession of a firearm by a convicted felon charge from the other two charges. The state filed a motion to hold simultaneous jury trials asking that two juries be selected on the same day to hear the cases separately. The court granted both motions.
On the date of the trial the defendant objected to the simultaneous jury trial procedure, however, the court took the motion under advisement. The jury on the burglary and grand theft charges was selected, sworn, preliminarily instructed, and excused from the courtroom. Defendant stated it would be prejudicial for the jury on the possession of a firearm charge to hear testimony about the theft of the gun. Up until this point the defendant had only contended that it would be prejudicial for the three counts to be tried together and for the jury trying the first two counts to hear testimony regarding the charge of possession of a firearm by a convicted felon.
The remaining venire persons, including those subsequently selected as the second jury, were told by the judge that the defendant was on trial for possession of a firearm by a convicted felon in addition to burglary and grand theft saying:
In an amended information filed against Larry McCallum, Count 3, which no one has heard up to this, further charges, that Larry McCallum on the first day of November, 1986, in Columbia County, Florida, having been convicted of a felony in the courts of this state or of a crime against the United States, which is designated as a felony or convicted of an offense in another state, territory or county, punishable by imprisonment exceeding one year, did own or have in his care, custody, possession or control a certain firearm to wit a rifle, contrary to Florida Statute 790.23.
The case law of the State of Florida, denouncing the trial of an offense, such as you have just heard described, before the same jury as in here on other substantive charges such as burglary of a conveyance or grand theft of specified property, we now intend to seat a second panel of jurors, who will be asked to come later in the afternoon to hear only the designated evidence with respect to whether or not the person, whose trial is being held, possessed a firearm and had such firearm in his possession or control and whether he is a convicted felon which the jurors waiting for us will not have heard.
The second jury was therefore clearly advised that there were two other charges of burglary and grand theft pending against the defendant.
The second jury was selected and sworn. The state asked the court to reverse its ruling on the motion for severance but the court denied the motion. The second jury was excused and told to return later that afternoon.
The first jury returned, and the trial of the burglary and grand theft charges began.
After conclusion of the first trial, the second jury, trying the possession of a firearm by a convicted felon charge, returned and was seated. The defendant stipulated that he had a prior felony conviction. The jury heard two witnesses testify that while *124 in a nearby bar they saw defendant walking across the street with a rifle, however, the court would not allow the state to elicit testimony as to the burglary and grand theft charges. The second jury was excused in order for the burglary and grand theft jury to return its verdicts of guilty and then be discharged. The second jury returned a verdict finding defendant guilty of possession of a firearm by a convicted felon. The state asked that the record reflect that the burglary and grand theft jury never heard that defendant was convicted of a felony. Defendant was adjudicated guilty of possession of a firearm by a convicted felon. At a subsequent sentencing hearing the defendant was sentenced to two 30-month concurrent terms on those two counts which sentences were also concurrent to a 30-month term on the possession of a firearm by a convicted felon charge.
The defendant contends the trial judge committed a prejudicial reversible error in this case because he told the venire that the defendant was subject to burglary and grand theft charges which were being heard' by another jury. We disagree.
Although it was improper for the trial judge to mention the other charges, any error was nonprejudicial and harmless and does not warrant reversal. The charge against the defendant in the trial of this case was the possession of a firearm by a convicted felon. The only two elements the state needs to prove are: (1) that he was a convicted felon, and (2) he was in possession of a firearm. The defendant admitted that he was a convicted felon and the un-contradicted testimony of two witnesses identified him as the person they saw in possession of a rifle. Therefore the jury knew the defendant had been previously convicted of a felony. The evidence of defendant’s guilt was overwhelming and uncontradicted and the knowledge that the defendant was charged with other crimes could have no prejudicial effect on the jury’s determination of the necessary elements of the crime of possession of a firearm by a convicted felon. In addition, the jury knew from the testimony adduced at trial that the defendant had been arrested and might have been charged with other crimes. Although the judge carefully excluded any testimony by the witnesses as to the theft of the rifle which defendant was observed carrying, the jury did hear the testimony of the two witnesses that the defendant was returned to the bar for identification in the custody of the chief of police of White Springs and after that identification he was turned over to the custody of a sheriff’s deputy. Although one witness said he did not think the defendant was handcuffed, the other said he was.
This is not a case where the jury was advised or permitted to hear testimony of a severed count of possession of a firearm by a convicted felon in a burglary and theft trial. Such an error would obviously be prejudicial. Banos v. State, 521 So.2d 302 (Fla. 3d DCA 1988). Neither is Pender v. State, 530 So.2d 391 (1st DCA 1988) applicable. In Pender the defendant was charged with two counts of burglary and grand theft. The burglary and theft in each count were separate offenses committed on different dates. The defendant moved to sever the counts for trial but the trial judge denied the motion. The trial was commenced on both counts and during voir dire the jury venire was informed that the defendant was charged with two counts of burglary and grand theft. Later the trial judge reconsidered the defendant’s motion to sever and granted it. Pender then was tried on only one count of burglary and grand theft. It is obviously prejudicial error when the jury is informed that the defendant is charged and will be tried on an additional count of the same crime committed on another date.
There being no prejudice to the defendant under the facts and circumstances of this case, his judgment and sentence is AFFIRMED.
BOOTH, J., concurs.
SHIVERS, J., dissents with written opinion.