SHIVERS, Judge,
dissenting.
I respectfully dissent. An accused is constitutionally entitled to a panel of impartial, “indifferent” jurors. See Murphy v. Florida, 421 U.S. 794, 799, 95 S.Ct. 2031, 2036, 44 L.Ed.2d 589, 594 (1975). The trial court did not permit the State to introduce evidence of the burglary and grand theft charges before the jury that tried the accused on the charge of possession of a firearm by a convicted felon. However, the judge himself told the “firearm” venire the defendant was also charged with burglary and grand theft (from which trial the firearm trial was severed).
In Pender v. State, 530 So.2d 391 (1st DCA, 1988), our court reversed the trial court for permitting the State to inform the jury, during voir dire, that the defendant had been charged with two counts of burglary and grand theft when the court subsequently severed the counts and proceeded to trial on only one burglary and theft incident. In the instant case the defendant made an objection to the procedure of simultaneous trials. I would reverse and remand for a new trial.