987 So.2d 237 (2008)
Joshua HOLT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-1441.
District Court of Appeal of Florida, First District.
July 30, 2008.
*238 Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
*239 Bill McCollum, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Joshua Holt, Appellant, appeals his conviction for armed robbery, arguing that the trial court erred by refusing to strike the jury after jurors were made aware of another robbery count pending against him. The State cross-appeals, arguing that the trial court erred in refusing to give portions of the standard jury instructions. We agree with both arguments. Accordingly, we reverse on both the appeal and cross appeal and remand for a new trial.
Appellant was charged with two counts of armed robbery against two different victims. Appellant's counsel moved to sever the counts, and the trial court denied the request. Before jury selection, but in the presence of the prospective jurors, the trial court stated that Appellant was charged with two counts of armed robbery: the first on August 9, 2006, against Michael Humphrey, Jr., and the second on or between August 8 and 9, 2006, against Jamaal Credle. Following jury selection, but prior to trial, the prosecutor informed the judge that the alleged victim of the robbery in count two was being represented by the public defender's office in another matter, creating a conflict with Appellant's representation. The prosecutor requested that Appellant be tried on count one only. The trial court reconsidered and granted Appellant's motion to sever count two after the State withdrew its opposition to it. Appellant then moved to strike the jury panel on the grounds that the jury's knowledge that he had been charged with two counts of armed robbery would be unfairly prejudicial to his defense. The trial court denied the motion to strike the jury. During trial, the judge asked the jurors whether they had any questions, and a juror asked why Appellant was only being tried on one count when the jury had been informed previously that there were two counts. The trial judge responded that the other count had been severed and that the jury was to consider only the remaining count before it.
The State requested that the trial court give the standard jury instructions. The trial court declined to read two specific portions of the instructions. The trial court did not provide any reason for the decision to excise these portions of the standard jury instructions. The jury found Appellant guilty of armed robbery. This appeal follows.
On direct appeal, Appellant argues that the trial court erred in denying his motion to strike the jury. Defendants have a constitutional right to a trial by an impartial jury. See Richardson v. State, 666 So.2d 223, 224 (Fla. 2d DCA 1995). This right is lost when there is a possibility that jurors are unfairly prejudiced by the knowledge of additional charges against a defendant other than those being tried. See Jackson v. State, 729 So.2d 947, 950 (Fla. 1st DCA 1998). In Jackson, we held that the trial court reversibly erred in inadvertently mentioning to the jury that the defendant was charged with four counts when two of the counts had been severed, even though the judge did not identify the counts. Id. Similarly, in Pender v. State, 530 So.2d 391, 393 (Fla. 1st DCA 1988), we held that the trial court erred by conducting trial by a jury who had been informed during voir dire that the defendant was charged with two counts of burglary and grand theft when the court subsequently severed the counts and proceeded on only one count of burglary and theft. Id. at 393-394.
*240 Appellant contends that the trial court's error in refusing to strike the jury was not harmless under the State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986), harmless error test. The harmless error test requires the state to prove beyond a reasonable doubt that the error did not contribute to the defendant's conviction. Id. at 1135. In Pender, 530 So.2d at 394, we held that the trial court's error in failing to strike the jury was not harmless beyond a reasonable doubt under the DiGuilio standard. We recognized that, even though evidence of the defendant's guilt was overwhelming, harmless error analysis does not re-weigh the sufficiency of the evidence but focuses on how the error affects the trier of fact. Id. at 394.
Applying the harmless error test to the instant case, we cannot say beyond a reasonable doubt that the knowledge of an additional robbery charge against Appellant did not affect the jury's verdict. See DiGuilio, 491 So.2d at 1139. Jurors were informed that Appellant had been charged with two counts of armed robbery, against different victims, on potentially different days. Jurors could have assumed that because Appellant was charged with another robbery, he was the perpetrator of the robbery being tried as well. Appellant was deprived of his constitutional right to an impartial jury because of the possibility that jurors were unfairly prejudiced by their knowledge of Appellant's other robbery charge. Therefore, Appellant is entitled to a new trial.
On cross-appeal, the State argues that the trial court erred in deviating from the standard jury instructions. Florida Rule of Criminal Procedure 3.985 requires a trial judge who deviates from the standard jury instructions to "state on the record or in a separate order the respect in which the judge finds the standard form erroneous or inadequate and the legal basis of the judge's finding." A trial court's obligation under this rule is mandatory. State v. Hamilton, 660 So.2d 1038, 1045-46 (Fla.1995) (citing Moody v. State, 359 So.2d 557, 560 (Fla. 4th DCA 1978)). In the instant case, the trial court refused to give two different portions of the standard jury instructions without providing any reason. This was reversible error.
Accordingly, we REVERSE and REMAND the appeal and cross appeal for a new trial consistent with this opinion.
BARFIELD, WEBSTER, and LEWIS, JJ., concur.