GERBER, J.
The defendant appeals from his conviction for battery on a law enforcement officer. He argues that the trial court erred in: (1) failing to make any genuineness findings concerning the state’s peremptory challenges to certain prospective jurors; and (2) prohibiting him from speaking with his counsel during a recess which the state requested during defense counsel’s direct examination of him. We agree with both arguments and reverse for a new trial.
On the first argument, the state exercised five peremptory challenges on prospective black jurors, thereby eliminating all prospective black jurors. Immediately after the state exercised each of those challenges, the defendant raised a Melbourne objection. See Melbourne v. State, 679 So.2d 759, 764 (Fla.1996) (“A party objecting to the other side’s use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that *891 the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.”) (footnotes omitted). Following the state’s first challenge, the defendant also pointed out the state’s pattern of challenging black jurors.
After the defendant raised each Melbourne objection, the state responded with a facially race-neutral reason for each challenge at issue. See id. (“At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2).”) (footnote omitted).
However, the record is completely devoid of any indication that the trial court made any genuineness findings on any of the challenges. See id. (“If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3).”) (footnotes omitted). Rather, after the state responded with its facially race-neutral reason for each challenge, the trial court simply allowed the challenges to occur according to the following statements:
• As to Juror 3: ‘Yeah, okay. So I’ll find ... that’s a neutral reason.”
• As to Juror 6: “Yes. Okay....”
• As to Juror 13: “Okay ... All right....”
• As to Juror 14: “Okay, it’s race neutral.”
• As to Juror 25: “All right ... I’ll overrule the objection.”
The foregoing lack of genuineness findings was error. This is not a situation where the trial court did not “recite a perfect script or incant specific words in order to properly comply with its analysis under step three.” Hayes v. State, 94 So.3d 452, 463 (Fla.2012). Nor is this a situation where the court made genuineness findings without articulating its thought process on the pretext issue. See Wimberly v. State, 118 So.3d 816, 2012 WL 1859198 (Fla. 4th DCA May 23, 2012) (trial court’s genuineness finding was not clearly erroneous or an abuse of discretion where “the court was presented with relevant circumstances surrounding the strike and made a finding of genuineness” without articulating its thought process on the pretext issue).
Rather, this is a situation where the record is completely devoid of any indication that the trial court made any findings on whether the state was exercising its challenges of black jurors for a discriminatory purpose after the defendant alleged purposeful discrimination. Thus, we cannot assume that the court made any such genuineness findings. See Hayes, 94 So.3d at 463 (“[Wjhere the record is completely devoid of any indication that the trial court considered circumstances relevant to whether a strike was exercised for a discriminatory purpose, the reviewing court, which is confined to the cold record before it, cannot assume that a genuineness inquiry was actually conducted in order to defer to the trial court.”); King v. State, 106 So.3d 966, 968 (Fla. 4th DCA 2013) (“The court allowed each of the three strikes after finding the proffered reason was race-neutral. There is nothing in the on-the-record exchange regarding the striking of the jurors reflecting that the court engaged in the required genuineness analysis.”); Cook v. State, 104 So.3d 1187, 1190 (Fla. 4th DCA 2012) (“Since the trial court did not articulate any analysis on the record, and merely summarily ‘sustained] the strike’ of the state, we find that the trial court did not conduct the genuineness *892 analysis of step three, as required by Melbourne.”) (alteration in original).
The state argues that the defendant waived the error by not renewing his objection before the jury was sworn. See Melbourne, 679 So.2d at 765 (“[W]e conclude that [the defendant] failed to preserve this issue for review because she did not renew her objection before the jury was sworn.”) (footnote omitted). However, the record contradicts the state’s argument. The record indicates that the defendant accepted the jury “subject to [his] previous objections,” thus preserving his Melbourne objections. See Cook, 104 So.3d at 1189 (“When the jury was seated, [the defendant] accepted the jury subject to his prior objections.”).
In fact, the morning after the jury was sworn, the state appeared to have realized the error because it notified the court: “[T]here needs to be a finding on the record whether or not the [state’s] strikes ... were in fact genuine ... I’d ask Your Honor to make that determination now, we forgot to do it at the time, but that does have to be made.” After rehearing the state’s reason to support three of the state’s five strikes, the court responded: “[T]he reason given by [the state] ... is a genuinely held ... belief, I think. I don’t think it’s a ... ruse, so I ... will find that the strike was based on a genuine race-neutral reason.”
That rehearing and its resulting finding were untimely and insufficient to cure the error. As our supreme court held in Blackshear v. State, 521 So.2d 1083 (Fla.1988):
When a [State v.] Neil [, 457 So.2d 481 (Fla.1984),] objection is properly raised, as it was in this instance, the time for the hearing has come. The requirements established by State [v. Slappy, 522 So.2d 18 (Fla.1988),] cannot possibly be met unless the hearing is conducted during the voir dire process. Only at this time does the court have the ability to observe and place on the record relevant matters about juror responses or behavior that may be pertinent to a Neil inquiry.
Id. at 1084. Moreover, even if the court had conducted the rehearing during voir dire, the rehearing and its resulting finding addressed only three of the state’s five strikes.
As a result of the foregoing error, we are required to reverse and remand for a new trial. See Hayes, 94 So.3d at 461 (“[T]he proper remedy when the trial court fails to abide by its duty under the Melbourne procedure is to reverse and remand for a new trial.”) (citations omitted).
Although the foregoing error is sufficient to require a new trial, we also address the defendant’s second argument that the trial court erred in prohibiting him from speaking with his counsel during a recess which the state requested during defense counsel’s direct examination of him. The court denied the request on the ground that the defendant was “in the middle of his testimony.” Such a denial was error pursuant to our supreme court’s admonition in Amos v. State, 618 So.2d 157 (Fla.1993):
[N]o matter how brief the recess, a defendant in a criminal proceeding must have access to his attorney. The right of a criminal defendant to have reasonably effective attorney representation is absolute and is required at every essential step of the proceedings. Although we understand the desirability of the imposed restriction on a witness or party who is on the witness stand, we find that to deny a defendant consultation with his attorney during any trial recess, even in the middle of his testimo *893 ny, violates the defendant’s basic right to counsel.
Id. at 161 (emphasis added; citation and quotations omitted).
The state argues that the defendant waived the error by not objecting when the trial court prohibited him from speaking with his counsel during the recess. We disagree. In Thompson v. State, 507 So.2d 1074 (Fla.1987), during a state-requested recess, defense counsel requested the opportunity to consult with the defendant before the state cross-examined the defendant. Id. at 1074. The trial court denied the request because the defendant was “still on the stand.” Id. at 1074-75. The supreme court remanded the case for a new trial. The court’s opinion does not indicate that defense counsel took any further action to preserve the error other than requesting the opportunity to consult with the defendant. The same situation exists here.
The state also argues that this error was harmless. We disagree. The reason for the state’s request for the recess was to determine whether it should ask for a mistrial due to a statement which the defendant made during his testimony. Prohibiting the defendant from speaking with his counsel during the recess deprived the defendant of counsel’s advice as to whether to continue or abandon that line of testimony. Cf. Thompson, 507 So.2d at 1075 (trial court’s error in denying the defendant’s requested attorney-client consultation during a recess was not harmless where the state was granted the recess for the sole purpose of researching ways to impeach the defendant regarding a subsequent arrest which defense counsel apparently advised him would be inadmissible).
In sum, based on the two errors discussed above, we reverse the defendant’s conviction and sentence and remand for a new trial.

Reversed and remanded for a new trial.

MAY and LEVINE, JJ., concur.