IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RANDY KENT,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5666

Opinion filed April 8, 2015.

An appeal from the Circuit Court for Liberty County.
Jonathan E. Sjostrom, Judge.

Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Bureau Chief-Criminal Appeals, Tallahassee, for Appellee.

PER CURIAM.

      Appellant Randy Kent appeals his conviction for felony battery arguing the trial court erred in failing to give a portion of a standard jury instruction.  While the trial court erred, we hold the error was harmless and therefore affirm.

During the charge conference below, counsel and the trial court discussed some of the recently revised jury instructions. Among the revisions is the addition of the following language to standard criminal instruction 3.9:

> Whether the State has met its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

This instruction was adopted by the Florida Supreme Court in September 2013. In Re Standard Jury Instructions in Criminal Cases, 122 So. 3d 302 (Fla. 2103). The trial court found this provision to be "redundant both of the burden of proof instruction . . . as well as of the weighing the evidence [sic]." Thus, the trial court declined to give it, despite the request of appellant that all of the standard instructions be given without alteration.

There is a long line of cases which hold that the standard jury instructions are presumed correct and are preferred over special instructions. See e.g., Stephens v. State, 787 So. 2d 747 (Fla. 2001); Alvarez v. State, 890 So. 2d 389 (Fla. 1st DCA 2004), et al. As the Florida Supreme Court has explained:

> It is important that trial courts, which retain the critical role of determining the appropriate law upon which the jury should be instructed, indicate the basis of any disagreement with the standard jury instructions. The committees that draft standard instructions work hard in developing these restatements of Florida law in clear and straightforward language to assist the courts in carrying

2

out their responsibility to explain the law to citizen jurors. Confidence in the use of these instructions is undermined when their use is rejected without explanation. On the other hand, trial judges perform an important service to the law when they detect some problem with a standard instruction or otherwise explain why its use is inappropriate in a particular case.

State v. Hamilton, 660 So. 2d 1038, 1046 (Fla. 1995).

Because the standard instructions are preferred, the Florida Rules of Criminal Procedure sets forth a procedure which is to be followed when a trial court opts not to use the standard instructions; rule 3.985 provides:

The forms of Florida Standard Jury Instructions in Criminal Cases appearing on the court's website . . . may be used by the trial judges of this state in charging the jury in every criminal case to the extent that the forms are applicable, unless the trial judge shall determine that an applicable form of instruction is **erroneous or inadequate**, in which event the judge shall modify or amend the form or give such other instruction as the trial judge shall determine to be necessary to instruct the jury accurately and sufficiently on the circumstances of the case; and, in such event, the trial judge shall state on the record or in a separate order the respect in which the judge finds the standard form erroneous or inadequate and the legal basis of the judge's finding.

(Emphasis added). A trial court's obligation under this rule is mandatory. Holt v. State, 987 So. 2d 237 (Fla. 1st DCA 2008)(citing State v. Hamilton, 660 So. 2d at 1045-46).

In the instant case, the trial court did not find the instruction at issue was "erroneous or inadequate," but rather found it duplicative. Such a reason is not

3

sufficient, and thus, the trial court erred. However, automatic reversal is not required when a trial court strays from the standard instructions. Kelley v. State, 486 So. 2d 578 (Fla. 1986); State v. Bryan, 290 So. 2d 482 (Fla. 1974). Instead, such an error is subject to a harmless error analysis. Hamilton, 660 So. 2d at 1046 n. 13. Here, the failure to instruct the jury that the State's burden of proof did not depend on the quantity of evidence presented but on the quality thereof did not result in a miscarriage of justice, nor is there a "reasonable possibility that the error contributed to the conviction." § 59.041, Fla. Stat. (2013); State v. DiGuillio, 491 So. 2d 1129 (Fla. 1986).

Accordingly, we AFFIRM.

ROBERTS, SWANSON, and BILBREY, JJ., CONCUR.