DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALBERT MEARS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1926

[January 20, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia Gelmine Imperato, Judge; L.T. Case No. 09015445CF10A.

Carey Haughwout, Public Defender, and Amy Lora Rabinowitz, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his convictions and sentences for trafficking in Oxycodone and conspiracy to traffic in Oxycodone. He raises five issues, two of which have merit. In his fourth issue, the defendant argues his right to counsel was violated when the trial court prohibited him from speaking with his lawyer during a recess that occurred while he was on the witness stand. In his fifth issue, the defendant argues the court erred in overruling his objections to the State's closing argument. We agree with the defendant on both issues and reverse.

The State charged the defendant by information with trafficking in Oxycodone (more than four grams, but less than fourteen grams), conspiracy to traffic in Oxycodone, resisting with violence, tampering with evidence, and possession of Alprazolam. The charges arose from a controlled buy by a confidential informant ("CI").[1]

---

[1] Before trial, defense counsel moved to suppress the prescription medications and the defendant's statements based on a warrantless search of his motel room.

The jury found the defendant guilty, and the court adjudicated him guilty and sentenced him to five years' imprisonment with a three-year mandatory minimum on the trafficking charge to run concurrent with a five-year sentence on the conspiracy charge. From his convictions and sentences the defendant now appeals.

In his fourth issue, the defendant argues the court committed error in denying him an opportunity to consult with his counsel on a break from his testimony. The State responds that the defendant does not have a constitutional right to confer with his counsel during cross-examination.

We have de novo review of this legal issue. *Scott v. State*, 151 So. 3d 567, 573 (Fla. 1st DCA 2014) (citing *Delhall v. State*, 95 So. 3d 134, 150 (Fla. 2012)).

The issue arose at the end of a State-requested sidebar, outside the presence of the jury. The trial court had just found that the defendant's comment about being beaten by law enforcement opened the door to the admission of previously suppressed evidence. The following occurred:

| [Court]: | Bring the jury in. |
|---|---|
| [Defense]: | Can I talk to [the defendant] for a second? |
| [Court]: | No, he's on the stand. |
| [Defense]: | I believe—I know the case, too. I'm allowed to talk to the [d]efendant even though he is on the stand. It's a case that the 4th tried. Give me one minute. |
| [Court]: | In the middle of cross-examination? |
| [Defense]: | Yes, in the middle of cross-examination. |
| [Court]: | No. |
| [Defense]: | Yes. It was a 4th District case. He was not allowed to. I'm remembering it. It was reversed on that issue. |

The State recommended giving defense counsel twenty minutes to find the case. The court allowed ten minutes and went into recess. Defense counsel could not find the case, but argued there was one. The court asked for the jury to be brought in. Defense counsel moved for a mistrial. The court denied it and the case proceeded.

We have held that a defendant has the right to consult with his attorney during a recess even if he is on the stand. *Burgess v. State*, 117 So. 3d

The trial court granted the motion. This led to a nolle pross of the resisting with violence, tampering with evidence, and possession of Alprazolam counts.

2

889, 892–93 (Fla. 4th DCA 2013).

> "[N]o matter how brief the recess, a defendant in a criminal proceeding must have access to his attorney. The right of a criminal defendant to have reasonably effective attorney representation is absolute and is required at every essential step of the proceedings. *Although we understand the desirability of the imposed restriction on a witness or party who is on the witness stand, we find that to deny a defendant consultation with his attorney during any trial recess, even in the middle of his testimony, violates the defendant's basic right to counsel.*"

*Id.* (alteration in original) (emphasis in original) (quoting *Amos v. State*, 618 So. 2d 157, 161 (Fla. 1993)). "Florida law affords greater protection of a defendant's right to counsel than federal authority requires." *Leerdam v. State*, 891 So. 2d 1046, 1049 (Fla. 2d DCA 2004).

The trial court erred in prohibiting the defendant from speaking with his attorney during a sidebar the State requested, even in the middle of his testimony. We therefore reverse on this issue.

The defendant next argues the court abused its discretion when it allowed the State to argue in closing that the defendant was engaged in a conspiracy that began prior to the crime alleged and that he was doctor shopping. The State responds that its closing was proper and based on trial testimony. We agree with the defendant on the State's comment regarding doctor shopping only.

We review this issue for an abuse of discretion. *Datilus v. State*, 128 So. 3d 122, 126 (Fla. 4th DCA 2013) (citation omitted).

During its closing argument, the prosecutor commented: "This case is not about August 18th, 2009. That's not when this case started. This case started way before." Defense counsel objected to the improper argument; the court overruled the objection.

Later, the State argued:

> Meanwhile, [the defendant's son] is at the Motel 6. I submit to you, [the defendant's son] doesn't live at that Motel 6. That is their business transaction area. That is where people come in to buy drugs from [the defendant's son] and [the defendant]. [The defendant] goes out to get the prescriptions, gets the

drugs, goes doctor shopping. They're all in his name.

Defense counsel objected, arguing:

> And again, she's arguing crimes that my client did doctor shopping. He's not charged with doctor shopping. There's no evidence of my client doctor shopping. Doctor shopping is a very different crime, going to different doctors, getting prescriptions for the same drugs at the same time. No one has ever even intimated that, and she just accused my client of it. He's not charged with it, and so I move for a mistrial.

The State responded that it was making its theory of the case. The court overruled the objection and denied the motion for mistrial. The State immediately repeated, "[l]adies and gentlemen of the jury, [the defendant] was doctor shopping."

The defendant continues to argue the trial court erred by overruling objections to two arguments: (1) the defendant was trafficking in Oxycodone **before** the crime was committed, and (2) the defendant was doctor shopping. "It is well settled that a prosecutor must confine closing argument to evidence in the record, and must refrain from comments that could not be reasonably inferred from the evidence." *Ford v. State*, 702 So. 2d 279, 280 (Fla. 4th DCA 1997).

The State's comments that the defendant was selling Oxycodone well before the date of the charged crime were proper inferences from the record evidence. During trial, the CI testified that she had around ten conversations with the defendant before the subject incident for the purpose of buying pills for herself. Therefore, it was logical to conclude that the defendant was selling pills before the subject incident. *See Barnes v. State*, 743 So. 2d 1105, 1106 (Fla. 4th DCA 1999). The court did not err in overruling the objection to this argument.

The second argument concerning doctor shopping, however, ran afoul of the proper parameters of closing argument because the comment was not supported by the evidence. The State suggests the comment was based on an audiotape conversation between the defendant and the CI where the defendant indicated that he needed to stop by a drug store.

But, it is not logical to infer that the defendant was doctor shopping simply because he stopped at a drug store. The court therefore erred in overruling the defendant's objection to this argument. *See, e.g., Ford*, 702 So. 2d at 280–82 (reversing a sexual battery conviction because the state

4

made improper comments in its closing that were completely unsupported by the record).[2]

For these reasons, we reverse and remand the case for a new trial.

*Reversed.*

WARNER and DAMOORGIAN, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] The defendant also argues the court erred in allowing the State to make a longer rebuttal argument than its initial closing argument. We find no merit in this or the other issues raised in this appeal.