IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

REUBEN JAMES THOMPSON,

      Appellant,

 v.

STATE OF FLORIDA,

      Appellee.
_____/

Case No. 5D22-781
LT Case No. 2019-CF-001103-A

Opinion filed April 21, 2023

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Matthew J. Metz, Public Defender,
and Nancy Ryan, Assistant Public
Defender, Daytona Beach, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Whitney Brown
Hartless, Assistant Attorney General,
Daytona Beach, for Appellee.

KILBANE, J.

Appellant, Reuben James Thompson, appeals his conviction for

aggravated battery causing great bodily harm. Because the trial court

1

abused its discretion in denying Appellant's motion for mistrial, we reverse and remand for a new trial.

## Facts

On September 17, 2019, Appellant was arrested after an altercation with his neighbor. The State charged Appellant with aggravated battery causing great bodily harm and resisting arrest without violence. Later, the State brought a separate charge of carrying a concealed weapon without a license, which was discovered during his arrest after he fled the scene. The State then consolidated that charge with the aggravated battery and resisting arrest charges. Before trial, Appellant's counsel moved to sever the unlicensed concealed carry charge, which was denied.

Jury selection took place on February 14, 2022, for a trial that was to begin on February 18, 2022. During jury selection, the clerk read an information with all three charges to potential jurors. The trial court explained that the information was not to be considered as evidence; rather, it was a formal accusation. The State and Appellant's counsel then proceeded to extensively discuss firearms, firearm ownership, and concealed carry permits with potential jurors during the course of voir dire.

On February 18, 2022, prior to the jury being sworn and impaneled, the judge held a conference with counsel. The State explained that in the days between jury selection and the start of trial, the State filed a nolle

2

prosequi on the carrying a concealed firearm without a license charge. The State had determined that the Appellant was statutorily exempt from that charge thus requiring a nolle prosequi and amended information.

Appellant's counsel moved for a mistrial based on the jury's hearing of the original information, which included the carrying a concealed firearm charge, as well as the voir dire questions regarding firearms. The trial court denied the motion for mistrial, finding no prejudice to Appellant, but ruled that any evidence regarding Appellant's possession of a firearm in the subsequent arrest was inadmissible as irrelevant. Upon seating the jury, the trial court directed the clerk to read the amended information. The trial court further stated:

> Do you understand that anything you may have heard on Monday in the way of a reading of an information, you just disregard? He's facing two counts of violations of Florida's criminal law, aggravated battery and resisting without violence, and no other charges.

At the conclusion of the trial, Appellant was found guilty of aggravated battery causing great bodily harm.[1]

## Analysis

A trial court's ruling on a motion for mistrial is reviewed for an abuse of discretion. *Salazar v. State*, 991 So. 2d 364, 371 (Fla. 2008). "A motion for mistrial should be granted only when it is necessary to ensure that the

---

[1] Appellant was found not guilty of resisting arrest without violence.

3

defendant receives a fair trial" or when the "error is so prejudicial as to vitiate the entire trial." *Id.* (first quoting *Cole v. State*, 701 So. 2d 845, 853 (Fla. 1997); and then quoting *England v. State*, 940 So. 2d 389, 401–02 (Fla. 2006)).

Although the State has broad authority to substantively amend an information, this right is not absolute. *See State v. Clements*, 903 So. 2d 919, 921 (Fla. 2005) ("[A] defendant's due process . . . rights necessarily place limits upon the State's ability to amend an information."). The jury heard the erroneous charge of carrying a concealed firearm without a license and both the State and Appellant's counsel asked multiple questions regarding firearms during voir dire. Once the State correctly acknowledged that the unlicensed concealed carry charge should not have been brought, any subsequent efforts by the trial court in this case to "unring the bell" would have been futile.

Criminal "[d]efendants have a constitutional right to a trial by an impartial jury. This right is lost when there is a possibility that jurors are unfairly prejudiced by the knowledge of additional charges against a defendant other than those being tried." *Holt v. State*, 987 So. 2d 237, 239 (Fla. 1st DCA 2008) (internal citation omitted). By denying the motion for mistrial, the court allowed Appellant to be tried by a jury that heard another criminal charge against him, which was not pending in this or any other case

4

at the time of trial.  This error was highly prejudicial.  *See Wilding v. State*, 427 So. 2d 1069, 1070 (Fla. 2d DCA 1983) (holding "that an accused's right to a fair and impartial jury is violated when a jury is improperly made aware of a defendant's arrest for unrelated crimes either during the jury selection process or during the trial proper").[2]

Therefore, we hold that under these facts, Appellant's right to trial by an impartial jury was violated and requires reversal.  Accordingly, we remand for a new trial on the charge of aggravated battery causing great bodily harm.[3]

REVERSED and REMANDED for new trial.

EDWARDS and HARRIS, JJ., concur.

---

[2] Although the State does not argue harmless error, the error complained of was not harmless.  *See Pender v. State*, 530 So. 2d 391, 393 (Fla. 1st DCA 1988) ("[W]e cannot say beyond a reasonable doubt that the knowledge of the existing additional charges against appellant . . . did not affect the jury's verdict." (citing *State v. DiGuilio*, 491 So. 2d 1129, 1139 (Fla. 1986); *Thompson v. State*, 507 So. 2d 1074 (Fla. 1987))).

[3] This holding being dispositive, we do not address Appellant's second ground raised on appeal.