FIRST DISTRICT COURT OF APPEAL
No. 1D2023-1007

DC TYRONE ATKINS, JR.,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Liberty County.
Ronald W. Flury, Judge.

June 12, 2024


PER CURIAM.

A jury convicted Appellant of first-degree murder and leaving the scene of an accident involving death, and this is his direct appeal. He raises one argument: that the trial court abused its discretion in denying Appellant's motion to present testimony from a neighbor about Appellant's general reputation for peacefulness. We find no abuse of discretion, and affirm.

The salient facts were largely undisputed. Appellant and the victim had a disagreement that turned into a heated physical altercation involving mutual fist-fighting, plus Appellant's swinging a machete at the victim and the victim's knocking out a

window in the SUV Appellant was driving. Appellant told the owner of the lot where the fight occurred that he was going to kill the victim—saying this four or five times.

Appellant drove back to his house nearby. Shortly thereafter, however, Appellant drove back at a high rate of speed that multiple neighbors heard and saw. He drove directly at the victim, who was walking five feet off the edge of the road. Appellant concedes before us that he "was driving like a maniac through the neighborhood streets." Based on subsequent forensics, he was going between 74 and 81 miles per hour when he hit the victim. The brake was not applied within the 5 seconds before impact. The accelerator pedal was all the way to the floor. It appeared that the victim attempted to jump or run from the impact at the last second. The impact knocked the victim right out of his shoes, threw him 164.75 feet, and killed him immediately. Appellant fled from the scene. He immediately confessed to a friend that he had killed somebody. He turned himself in to the police.

Represented by counsel at trial, Appellant did not argue self-defense. He conceded that he was guilty of manslaughter. He sought to introduce evidence from a neighborhood man who did not see the crime, but was prepared to testify that Appellant had a general reputation for peacefulness. The parties dispute whether Appellant's counsel was required to proffer the witness's actual testimony in order to preserve this issue for appeal, but on these facts we find that the issue was preserved adequately. Appellant's counsel referenced the pertinent provision of the Evidence Code, section 90.404 of the Florida Statutes; and explained that the witness would testify to Appellant's "reputation for peacefulness in the community." *See Teachman v. State*, 264 So. 3d 242, 246 (Fla. 1st DCA 2019) (finding party's description of proposed evidence was adequate to advise the trial court of the issue and preserve the issue even without a formal proffer from the witness).

On the facts and defensive posture presented at trial, the trial court did not abuse its discretion in denying the defense motion to present the proposed testimony about Appellant's general reputation for peacefulness. Appellant threatened to kill the victim. Appellant admitted to the act itself and what lead up to it. Multiple witnesses saw it. Forensics detailed it. On these facts,

"general reputation" was worthless as a defense against guilt; and even if it had been error to exclude the evidence, it would be harmless. *See Holt v. State*, 987 So. 2d 237, 240 (Fla. 1st DCA 2008) ("The harmless error test requires the state to prove beyond a reasonable doubt that the error did not contribute to the defendant's conviction.").

AFFIRMED.

ROBERTS, RAY, and KELSEY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, and Kasey Helms Lacey, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Kristie Regan, Assistant Attorney General, Tallahassee, for Appellee.