GRIMES, Judge.
Appellant was charged with having committed on January 16, 1975, the crimes of breaking and entering with intent to commit a felony, to wit: grand larceny, and grand larceny of certain drugs and equipment from a doctor’s office. He was convicted of both offenses and given concurrent sentences.
The only point on appeal having any merit arises from the following testimony given by a policeman on direct examination during the state’s case, to wit:
“Q Could you tell us what date subsequent to January 16 did you encounter Mr. Clark, or approximately what date?
A It was in early February. I arrested him for sale and possession of heroin.”
Appellant’s counsel immediately moved for a mistrial. The court then instructed the jury to disregard the reference to other charges pending against the appellant and asked each juror if he could put such reference out of his mind. Upon receiving affirmative answers from each of the jurors, the motion for mistrial was denied.
The admission of evidence of arrest for unrelated crimes has often been held to constitute reversible error. E. g., Whitehead v. State, 279 So.2d 99 (Fla.2d DCA 1973). The true rule, however, is that evidence will not be excluded merely because it relates to facts which point to the commission of a separate crime so long as it is relevant to the crime for which the defendant is being prosecuted. Williams v. State, 110 So.2d 654 (Fla.1959).
The evidence that the appellant had been placed under arrest was relevant to this case because it was in subsequent conversations with the police that appellant made inculpatory statements concerning the crimes for which he was being prosecuted. Moreover, it was necessary that the fact of appellant’s arrest be explained in order that an intelligent account of the circumstances of his making the statement could be given. Cf. Frederiksen v. State, 312 So.2d 217 (Fla.3d DCA 1975).
If the officer had only referred to the fact of placing appellant under arrest, we would have no qualms about the judgment. However, his gratuitous statement that he *860 had arrested appellant for sale and possession of heroin went too far. Understandably, those involved in the trafficking of heroin are held in the highest disrepute by law-abiding members of the community. It is too much to ask a juror to put this out of his mind while he is deliberating over the defendant’s guilt of another crime. Cf. Jones v. State, 305 So.2d 827 (Fla.4th DCA 1975). While it might be argued that the nature of the crime with which appellant was charged had a slight relevance to the case because the inculpatory statements were made as part of an effort by appellant to try to get out of the heroin charge,- we think the prejudice implicit in the officer’s reference to having arrested appellant for the sale and possession of heroin completely outweighed any probative value and precluded the possibility of appellant receiving a fair trial. See Seaboard Air Line Railroad Company v. Ford, 92 So.2d 160, at page 166 (Fla.1957).
The judgment and sentence are reversed, and the case is remanded for a new trial.
HOBSON, Acting C. J., and SCHEB, J., concur.