343 So.2d 883 (1977)
Benito MARRERO, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1770.
District Court of Appeal of Florida, Second District.
February 16, 1977.
As Modified On Denial of Rehearing March 16, 1977.
*884 Leonard J. Holton, of Hoffer & Sheffey, Zephyrhills, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
This is an appeal from a conviction for possession of narcotics paraphernalia.
The day before the trial, appellant had been tried on twelve counts of breaking and entering and twelve counts of grand larceny. The same jury venire from which the jurors were drawn for the instant case had sat through the voir dire on appellant's case the previous day. Thus, all the jurors were aware that appellant had been charged with numerous crimes though apparently none of them were aware of the disposition of the charges.
Before the trial commenced, defense counsel objected to the jury venire because of these circumstances. The prosecutor responded that the trials were being held close together because of the appellant's motion for speedy trial. The court overruled the objection, and the case proceeded. We believe the court erred in failing to sustain appellant's challenge to the jury venire.
Subject to certain exceptions not applicable here, it is error for a witness to testify about the defendant's arrest for an unrelated crime. Clark v. State, 337 So.2d 858 (Fla.2d DCA 1976). The admission of "mug shots" has been held to be error because it constitutes an impermissible reference to the defendant's prior arrest record. Whitehead v. State, 279 So.2d 99 (Fla.2d DCA 1973). The theory of these holdings is that a jury is bound to be unfairly prejudiced against the accused by reason of the knowledge of his arrest for another crime. Allowing the jury to sit through the voir dire of appellant's trial on totally separate charges on the preceding day clearly falls in the same category.
We find the circumstances of his case to be substantially distinguishable from a situation in which a potential juror may have read in the newspaper about the defendant's arrest for a collateral crime.
The existence of a speedy trial problem does not eliminate the need for the state to provide the accused with a trial before a fair and impartial jury.
We also have some qualms about the propriety of the court having required the appellant to exhibit the needle marks on his arms to a policeman in the presence of the jury, but in view of our disposition of the case, we need not decide whether the peculiar facts of this case would make such evidence relevant and the procedure, therefore, permissible. See Baffuto v. State, 187 So.2d 79 (Fla.3d DCA 1966).
Reversed and remanded for a new trial.
GRIMES, A.C.J., and SCHEB and OTT, JJ., concur.