427 So.2d 1069 (1983)
Andre Michael WILDING, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1717.
District Court of Appeal of Florida, Second District.
March 11, 1983.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Andre Michael Wilding, has appealed his conviction for obtaining property in return for a worthless check. We find that the trial court committed error during the jury selection process and accordingly reverse and remand for a new trial.
During the voir dire examination of prospective jurors, one juror stated that he would try to listen to the testimony presented during the trial and be fair and impartial, but he had some knowledge of previous charges against the appellant. The appellant's attorney immediately challenged the entire jury panel by moving for mistrial. The motion was denied.
The trial court's failure to grant the appellant's motion resulted in the appellant being tried by a jury which had improperly obtained knowledge of other charges against him. Both the Florida Constitution and the Florida Rules of Criminal Procedure provide that an accused has the right to an impartial jury. Fla. Const. art. I, § 16; Fla.R.Crim.P. 3.251. The appellant was deprived of this right because the jury panel was bound to be unfairly prejudiced by virtue of their knowledge of his arrest for another crime. Marrero v. State, 343 So.2d 883 (Fla. 2d DCA 1977).
Subject to certain exceptions which are not applicable in the case sub judice, it is error for a witness to testify concerning a defendant's arrest for unrelated crimes. Clark v. State, 337 So.2d 858 (Fla. 2d DCA 1976); Whitehead v. State, 279 So.2d 99 (Fla. 2d DCA 1973); § 90.404(2)(a), Fla. *1070 Stat. (1981). Additionally, we have held that even in the absence of direct testimony by a witness, it was error to allow the admission of "mug shots" into evidence because they constituted an impermissible reference to the defendant's prior arrest record. Whitehead v. State.
It is true that the information imparted to the jury by the prospective juror was received by them prior to the commencement of the state's case. However, the prejudice to the appellant is almost as certain to be as great, if not greater, when the information is received in this manner rather than when it is a part of the prosecution's evidence and subject to protective procedures. We accordingly hold that an accused's right to a fair and impartial jury is violated when a jury is improperly made aware of a defendant's arrest for unrelated crimes either during the jury selection process or during the trial proper.
Reversed and remanded for a new trial.
HOBSON, Acting C.J., and LEHAN, J., concur.