**STATE of Missouri, Respondent,**

v.

**Robert CHILDS, Appellant.**

**No. 44439.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 29, 1983.

Joseph W. Downey, Public Defender, Kevin C. Curran, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted of robbery in the first degree, a violation of § 569.020, RSMo.1978, and was sentenced to a term of ten years with the Department of Corrections. He appeals. We affirm.

The state presented evidence from which the jury could have found that on July 15, 1980, defendant, armed with a pistol, and

two accomplices robbed Robert Bell of his wallet and watch. The defendant's sole contention on appeal is that the trial court erred in failing to declare a mistrial because of the following testimony by the arresting police officer:

Q. And how did you approach the defendant at that time?

A. I told him, I said, "Robert, you're under arrest." And he said, "What for?"

I said, "Robbery." And he said—that's when we went through the statement.

Q. At the time that you approached him and told him that he was under arrest for robbery, was this disturbance still going on at that time?

A. No, it had just quieted. They were taking some of the people away.

Q. Did he appear to be surprised at that time?

MR. CURRAN: Judge, I'm going to object. This calls for a conclusion on the part of the witness.

THE COURT: Yes, I still have to sustain the objection at this point.

Q. (By Mr. Autrey) Did you produce your badge for the purpose of identification?

A. *I didn't have to. He knows me.*

MR. CURRAN: Judge, I'm going to object and ask that the jury be instructed to disregard that, and I move for a mistrial. (emphasis added).

The court instructed the jury to disregard the answer, but denied the motion for a mistrial.

Defendant alleges that the emphasized portion of the officer's statement above, "created an inference that defendant had a record or had been arrested before" and *constituted evidence of other crimes.* We disagree.

█ Of course, it is well settled that proof of the commission of other crimes is inadmissible with some exceptions not relevant here. *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (Mo. banc 1954). This testimony, though, did not constitute proof of the commission of other crimes. In the course of performing his duties, a police officer encounters many people, including victims of crime, witnesses to crime, and residents or owners of businesses in an area he patrols, whom he has never arrested. Mere familiarity with a police officer does not constitute evidence that one has been arrested or convicted of another crime. *See State v. Miller,* 499 S.W.2d 496, 499 (Mo. 1973). We are mindful that a trial court is vested with broad discretion in determining whether to grant a mistrial. *State v. Parker,* 476 S.W.2d 513, 516 (Mo.1972). There was no abuse of discretion here. We find no merit to defendant's point.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.