**STATE of Missouri, Respondent,**

v.

**James DAVIS, Appellant.**

**No. 57513.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1991.

Application to Transfer Denied
May 3, 1991.

**442**

CRANDALL, Chief Judge.

Defendant, James Davis, Jr., appeals from his conviction, pursuant to a jury verdict, of possession of a Schedule II controlled substance, Section 195.020, RSMo (1986), for which he was sentenced to a term of three years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence established that acting on an informant's tip, two police officers conducted a surveillance of a certain area from a parked, unmarked police vehicle. They observed defendant and a companion standing next to an automobile. During the surveillance, several people approached defendant and his companion and exchanged some items with them. After about one hour, the officers pulled their police car next to the automobile by which defendant was standing. As one of the officers got out of the police vehicle, he saw defendant toss an object into the car near him. When the officer looked into the car, he saw a clear plastic bag containing a white substance on the floorboard. The bag was seized and subsequent analysis of the substance contained therein revealed that it was cocaine.

In his first point, defendant contends that the trial court erred in permitting the police officers to testify that they had seen him exchange items with other persons prior to his arrest. He argues that such testimony was an improper reference to another crime for which he was not charged; namely, that of selling cocaine. In overruling defendant's motion in limine, the trial court permitted the police officers to testify only as to what they had observed during the surveillance and not as to what they had concluded from their observations.

The general rule is that evidence which tends to prove crimes other than the one charged is not admissible. *State v. Hornbuckle*, 769 S.W.2d 89, 96 (Mo. banc 1989), *cert. denied*, — U.S. —, 110 S.Ct. 171,

Kathleen Green, St. Louis, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

107 L.Ed.2d 128 (1989); *State v. Beck,* 745 S.W.2d 205, 209 (Mo.App.1987).

In the instant action, the testimony of the police officers about the several exchanges in which defendant engaged during the surveillance did not constitute a clear reference to an unrelated crime. Even assuming that the testimony was evidence of an uncharged crime, such testimony established the *res gestae* of the crime with which defendant was charged. Evidence of the transactions which occurred between defendant and others furnished a cohesive picture of the charged offense. *See State v. Weatherspoon,* 728 S.W.2d 267, 273 (Mo.App.1987). The exchanges were part of a continuous sequence of events connected with the crime for which defendant was being tried. *See Id.* Defendant's conduct prior to his arrest could also be viewed as circumstantial evidence to show how he came into possession of the cocaine. Evidence of the exchanges was properly admissible as part of the *res gestae* of the crime of possession of cocaine. Defendant's first point is denied.

■ In his second point, defendant charges error in the trial court's refusal to quash the venire panel because of a venireman's response to State's inquiry during voir dire as to whether he knew defendant. The venireman replied, "I'm not sure. I may know this man, because I work downtown at the City Jail." Defendant contends that this remark prejudiced his defense because a reasonable juror would assume that defendant had been incarcerated in the city jail a number of times for prior criminal activity.

■ It is within the discretion of the trial court to determine whether remarks made by veniremen during the examination of the panel are prejudicial; and the trial court's decision not to quash the panel will not be disturbed absent an abuse of that discretion. *State v. Wilson,* 615 S.W.2d 571, 574 (Mo.App.1981).

The venireman's statement was that he was "not sure" but that he "may know" defendant because he was employed at the city jail. This remark did not indicate that he in fact either knew or recognized defendant as a former inmate at the jail. *See, e.g., State v. Releford,* 750 S.W.2d 539, 543 (Mo.App.1988). (When questioned about whether he recognized defendant, venireman's reply that "I am one of the chaplains at the Jackson County Jail" never indicated he knew defendant from the jail). In addition, there was nothing in the venireman's comment which even suggested that defendant had been incarcerated in the city jail for prior, unrelated crimes. The venireman's statement was not prejudicial to defendant. The trial court did not abuse its discretion in failing to strike the jury panel. Defendant's second point is denied.

The judgment is affirmed.

SIMON and REINHARD, JJ., concur.