666 So.2d 223 (1995)
Anthony L. RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04237.
District Court of Appeal of Florida, Second District.
December 29, 1995.
James Marion Moorman, Public Defender, and Wayne S. Melnick, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia J. Hakes, Assistant Attorney General, Tampa, for Appellee.
*224 BLUE, Judge.
Anthony L. Richardson appeals his convictions for resisting arrest with violence and battery on a law enforcement officer. He argues that the trial court erred by refusing to strike the venire panel. We agree and reverse.
Over defense counsel's objection, the trial court used a single venire to select juries for three criminal cases. One member of the venire worked as a corrections officer at Polk Correctional Institution. Her employment was discussed several times. When selection began for Richardson's jury, the corrections officer indicated that she knew him. The exchange between the prosecutor and this prospective member of the jury suggested that she knew Richardson through her employment, implying that he was a convicted felon who previously served time. Defense counsel objected and requested that the trial court strike the panel. The request was denied.
Under article I, section 16, of the Florida Constitution, and Florida Rule of Criminal Procedure 3.251, an accused has the right to trial by an impartial jury. Richardson argues that he was deprived of this right based on the exchange between the corrections officer and the prosecutor. We agree. See Wilding v. State, 427 So.2d 1069 (Fla. 2d DCA 1983) (holding that a defendant's right to an impartial trial is violated when unrelated charges are revealed to jury during voir dire). We conclude, based on the record before us, that the trial court erred in denying the motion to strike the venire panel.
Accordingly, we reverse and remand.
ALTENBERND, A.C.J., and LAZZARA, J., concur.