**STATE of Missouri, Respondent,**

v.

**Derek DAVIS, Appellant.**

**No. ED 82210.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 2, 2003.

---

1. The appellant's motion to strike exhibits is    denied.

Ruth B. Sanders, Assistant Appellate Defender, Office of the Public Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Derek Davis ("defendant") appeals from the judgment entered by the Circuit Court of the City of St. Louis, following a jury trial, convicting him of one count of trafficking in the second degree, Section 195.223 RSMo 2000. Defendant was sentenced as a prior and persistent drug offender to ten years imprisonment. We affirm.

On June 17, 2001, Detective Hal Stone of the St. Louis Metropolitan Police Department received an anonymous phone call. The caller stated that defendant was sitting in a white Celebrity four-door vehicle in the 5700 block of Chamberlain, and that defendant was selling and using drugs. The caller also stated that once defendant saw a police officer, he would run toward Maple Street. Detective Stone then proceeded to the area in an unmarked vehicle accompanied by Detectives Blase Caruso and Brian Van Nest, along with another unmarked vehicle containing Detectives Charles Johnson and Terrell Robinson.

Detective Stone's vehicle drove to Chamberlain, while the other detectives positioned the second vehicle on Maple Street. As they approached Chamberlain, Detective Stone saw the white Celebrity as described by the caller, and he saw defendant in the vehicle with the door open with one leg in the vehicle and his other leg out of the vehicle. Detective Stone stated that they were able to pull their vehicle to within two to three feet from the white Celebrity. Detective Stone saw defendant tie a knot in a plastic bag that contained an off-white substance, which, based on his experience, he believed to be crack-cocaine.

Defendant then said "f___ me," threw the bag to the floorboard of the white Celebrity, and jumped out of the vehicle and attempted to run away from the detectives, towards Maple Street. Detective Van Nest chased defendant and eventually caught him. Detective Stone retrieved the bag from the floorboard of the white Celebrity. The detectives then placed defendant under arrest and read him his Miranda rights, to which he stated that he understood his rights. Defendant then looked at Detective Stone and said "Stone, you know me, I'm not selling crack cocaine out here, I use heroin, we don't mess with crack over here, I'm just a user, you know."

The detectives then searched the white Celebrity and found a bottle of Dorman pills and a digital scale.[1]

Joseph Stevens, of the St. Louis Metropolitan Police Department Laboratory, testified that the bag recovered from the white Celebrity contained 2.09 grams of crack cocaine. Detective Stone assessed street value of the drugs at approximately $400.

---

1. Detective Stone testified that Dorman is a type of sleeping pill frequently used to cut heroin, and that the digital scale recovered is often used in the sale of crack cocaine.

During closing argument, defendant's counsel argued that defendant was not guilty because he was not in the white Celebrity and he never possessed the crack cocaine found on its floorboard.

Defendant requested a jury instruction for the lesser-included penalty of possession of cocaine, which the trial court included in the jury instructions. The possession instruction was instruction number six.

During his closing argument, the prosecutor for the state said "[t]he last instruction you might want to take a glance at, folks. It's not pertinent, it's possession, instruction number six, okay. That was submitted at the request of the defense, okay. Why? Because that's a lesser included offense." Defendant's counsel then objected, stating "that's improper." The trial court did not rule on defendant's objection, but stated to the jury: "[t]he instructions are all neutral. You don't give more weight to one or the other, who submitted or the Court submitted them, they are all equal. All the instructions are equal. Go ahead."

The prosecutor then continued his closing argument and said "[t]he instructions are equal, folks. You're entitled to consider the instruction of possession. The possession does not have the element of weight in it, okay. And the reason you're hearing about that is because they want you to believe that if on the off chance you believe that the defendant did have the crack cocaine, which we all know he did, he wants you to believe that it weighed less than 2 grams, okay."

Following the conclusion of the state's closing argument, defendant's counsel requested to approach the bench. At sidebar, defendant's counsel stated that it was highly prejudicial for the state to inform the jury which side presented the jury instructions and requested a mistrial. The trial court acknowledged that the prosecutor made an improper statement; however, it refused to grant a mistrial. The trial court stated that it believed that its statement to the jury that all of the instructions are equal cured the problem, and that the jurors acknowledged that all of the instructions are equal by nodding their heads. The trial court continued to say that a "mistrial is an extreme remedy and it's not needed here."

In his only point on appeal, defendant argues the trial court erred in refusing to grant a mistrial because the state made an improper argument during its closing argument. Defendant argues he was prejudiced in two ways by the improper remark: 1) the state's remark set instruction number six apart in the eyes of the jury, and 2) because his theory at trial was that he had not committed any crime, the jury's knowledge that the defense had requested that specific instruction "was akin to the jury hearing a confession." We disagree.

As a preliminary matter, the state argues that defendant did not properly preserve this issue, and therefore review is only available for plain error. However, immediately after the state's remark that defendant requested instruction number six, defendant objected on the grounds that the remark was an improper statement. Defendant then requested a mistrial immediately following the end of state's closing argument. The trial court was properly aware at the appropriate time what defendant's objection was, and defendant did include this error in his motion for a new trial. Under the circumstances of this case, defendant preserved this point on appeal.

"Mistrial is a drastic remedy to be used only in the most extraordinary circumstances when there is a grievous error which cannot otherwise be remedied." *State v. Sanders*, 903 S.W.2d 234, 238 (Mo.App. E.D.1995). We review the trial court's refusal to declare a mistrial on

an abuse of discretion standard because the trial court is in a superior position to determine the effect of improper remarks, and what, if anything, must be done to cure the problem. *State v. Brasher,* 867 S.W.2d 565, 569 (Mo.App. W.D.1993).

In all criminal trials, it is the duty of the trial court to "instruct the jury in writing upon all questions of law arising in the case that are necessary for their information in giving the verdict." Rule 28.02(a). MAI–CR 3d 300.02 provides in pertinent part "there are issues of fact which must be decided by a jury, subject to instructions concerning the law, *which the Court will give to the jury* . . . .It is your duty to follow the law *as the Court gives it to you* in the instructions even though you may disagree with it." MAI–CR 3rd 300.02. (Emphasis added). Further, the jury shall "be given *the written instructions of the Court* " to take with them to the jury room to deliberate. MAI–CR 3rd 300.06. (Emphasis added).

 In this case, at the instruction conference, defendant's counsel submitted instruction number six, the lesser included penalty for possession. The trial court supplied the requested instruction to the jury. During its closing argument, the state informed the jury that the defendant submitted instruction number six. This was an improper remark because the court submits the instructions, not the parties.

However, we find the trial court did not abuse its discretion in refusing to grant a mistrial.

First, immediately after the state's improper remark, the trial court informed the jury that all instructions are equal and one instruction should not be given more weight than another. The trial court, sitting in a better position than this court to determine the effect of the remark, concluded that a mistrial was not warranted because the jury acknowledged that all instructions are equal.

Second, the trial court submitted MAI–CR 3d 302.03, which reads in part "[y]ou must not single out certain instructions and disregard others . . . ." A jury is presumed to know and follow the instructions given by the trial court. *State v. Madison,* 997 S.W.2d 16, 21 (Mo.banc 1999). Therefore, we presume that the jurors followed the instructions and did not single out instruction number six.

Third, the evidence in this case, as outlined above, was heavily against defendant. Defendant was unable to show a probability of a different verdict had the state not made the improper remark during its closing argument.

Therefore, the trial court did not abuse its discretion in denying defendant's motion for a mistrial.

Based on the foregoing, the judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., J. and MARY R. RUSSELL, J., concur.