MONACO, J.
Charles Hayes appeals from the judgment and sentence rendered by the trial court after his conviction of sexual battery by a person over 18 upon a person less than 12 years of age in violation of section 794.011(2), Florida Statutes (2006), and lewd or lascivious molestation in violation of section 800.04(5)(b), Florida Statutes (2006). He raises as the sole issue on this appeal whether the trial court erred in denying his motion to strike the venire. We affirm on two bases.
First, we find no error on the merits with respect to the trial court’s decision not to strike the entire venire. A venire member’s expression of an opinion stated during a voir dire examination, without more, is ordinarily not considered sufficient to taint the remainder of the panel. See Johnson v. State, 903 So.2d 888, 897 (Fla.), cert. denied, — U.S.—, 126 S.Ct. 802, 163 L.Ed.2d 632 (2005); Brower v. State, 727 So.2d 1026, 1027 (Fla. 4th DCA), review denied, 744 So.2d 452 (Fla.1999). With the exception of one ve-nire person who did not sit on the jury, the remainder of the venire said that the questioned comments of the venire person would not affect their perception of Mr. Hayes.
Second, we conclude that Mr. Hayes failed to preserve this issue for review. Although Mr. Hayes did not formally accept the jury panel, he failed to renew his objection or motion to strike the panel prior to the jury being sworn in. We held in Martin v. State, 816 So.2d 187, 188 (Fla. 5th DCA 2002), that jury selection issues are “deemed to be waived after acceptance of the jury, unless the objection is renewed, or the jury is accepted subject to an earlier objection.” See also Joiner v. State, 618 So.2d 174, 176 (Fla.1993).
Here, after the jury was selected the court recessed for the night. When asked on the following morning prior to the jury being sworn whether there was anything else that either the State or the defense wished to say, the defense responded, “No.” The jury was then sworn. The case law teaches that even if a litigant makes no statement affirmatively accepting a jury, the requirement remains that objections to the panel must be renewed. See Lavin v. State, 754 So.2d 784, 786 (Fla. 3d DCA 2000); Milstein v. Mutual Sec. Life Ins. Co., 705 So.2d 639, 641 (Fla. 3d DCA 1998). In our judgment the issue was waived when the objection was not renewed prior to the swearing of the jury.
AFFIRMED.
PALMER and ORFINGER, JJ., concur.