STEVENSON, J.
 

 Charmarkco Evans and his brother, Sharmarkco, were jointly tried for aggravated assault and false imprisonment with a firearm. In this appeal, Charmarkco Evans insists a prospective juror’s comments during voir dire compelled the granting of his motion for mistrial. We find merit in Evans’ argument, reverse the conviction, and remand for a new trial.
 

 During jury selection, in response to questions regarding whether anyone was familiar with the case or the parties, one of the prospective jurors indicated he worked at the county jail and knew the defendants “from work.” Later, this same juror indicated that he was a detention deputy at the jail. Finally, when the pros
 
 *186
 
 ecutor began to question this juror as to whether he could be fair given his job as a jail detention deputy, the prospective juror responded that he had been in contact with the Evans brothers “[qjuite a bit already.” This prompted an objection and a motion for mistrial, which was denied. The objection and motion were renewed prior to the swearing of the jury. The trial judge persisted in her ruling, remarking that the juror had.indicated only that he worked at the jail and knew the defendants from jail and since everyone knows that a person goes to jail upon arrest, there was no prejudice.
 

 “Defendants have a constitutional right to a trial by an impartial jury.”
 
 Holt v. State,
 
 987 So.2d 237, 239 (Fla. 1st DCA 2008). This right is violated when jurors are inadvertently informed that the defendant has other, pending charges.
 
 See, e.g., Holt,
 
 987 So.2d at 239-40 (reversible error where defendant was to be tried on a single count of armed robbery, but judge made comment indicating defendant was charged with two counts);
 
 Jackson v. State,
 
 729 So.2d 947, 950-51 (Fla. 1st DCA 1998) (reversible error where defendant was to be tried on single count and, in presence of jury, judge asked prosecutor whether he was proceeding on all four counts). Such right is also violated where the jury is inadvertently informed that the defendant, whose guilt they are about to decide, is a convicted felon. In
 
 Richardson v. State,
 
 666 So.2d 223 (Fla. 2d DCA 1995), juries were simultaneously selected for three criminal trials. During jury selection, a prospective juror indicated several times that she worked as a corrections officer at Polk Correctional Institution. When jury selection began for Richardson’s trial, there was an exchange between this juror and the prosecutor. “The exchange between the prosecutor and this prospective member of the jury suggested that she knew Richardson through her employment, implying that he was a convicted felon who previously served time.”
 
 Id.
 
 at 224. The Second District held that it was error for the trial court to deny defense counsel’s motion to strike the entire veni-re.
 

 Similarly, here, as in
 
 Richardson,
 
 the other jurors could have understood the deputy’s comment that he had been in contact with the Evans brothers “[qjuite a bit already” as an indication that, through his job, the deputy had had multiple occasions, over time, to come into contact with the defendant and, thus, as a suggestion that the defendant had prior criminal charges and/or convictions. Accordingly, we reverse the defendant’s judgment of conviction and remand for a new trial.
 

 Reversed and Remanded.
 

 GROSS, C.J., and CIKLIN, J., concur.