LAWSON, J.
James C. Turner, Jr., appeals from his judgment and sentence on a charge of battery, enhanced to a third degree felony by a prior battery.[1] He argues that the conviction should be reversed because the trial court erred when it failed to grant his *543 motion to strike the jury panel. This motion was made after a member of the venire indicated that she knew the defendant because she “was a former corrections officer at the Marion County Jail.” See Richardson v. State, 666 So.2d 223 (Fla. 2d DCA 1995) (holding that trial court reversibly erred by denying defendant’s motion to strike venire, in light of exchange between prosecutor and prospective jury member suggesting that she knew defendant through her employment as corrections officer, thereby implying that he was convicted felon who previously served time).
The State argues that this comment, in context, should have been understood by the rest of the venire as an indication that the former corrections officer recognized either the defendant or one of the attorneys. However, later questioning of other venire members revealed that at least some of the panel members understood the comments to mean that the corrections officer had prior experience with Turner because he had been incarcerated in the past, and possibly on other charges. Although the trial judge attempted to remedy any potential prejudice with a curative instruction, our review of the record convinces us that the instruction given could not have cured the potential prejudice caused by the comment. Accordingly, we reverse Turner’s conviction and remand for a new trial.
REVERSED AND REMANDED.
GRIFFIN and ORFINGER, JJ„ concur.

. See § 784.03(2), Fla. Stat. (2009).