VILLANTI, Judge.
Adam Lee Reppert seeks review of his conviction and sentence for fleeing and eluding a law enforcement officer at high speed, raising two grounds for reversal. We affirm on both grounds, but we write to explain our reasoning on one of the grounds.
On the first day of Reppert’s trial, early in jury selection, the court explained the presumption of innocence to the venire and asked whether any of the prospective ju *526 rors disagreed with that concept. One of the prospective jurors responded that he would be wondering during trial what Rep-pert had been doing for the past year and said that he believed that “most likely these individuals who go through the system have been doing some kind of criminal activity for a long time.” Upon further questioning by the court, it was clear that the prospective juror did not know Rep-pert and was simply making a comment based on his beliefs about the criminal justice system in general rather than any specific knowledge of Reppert. In response to this prospective juror’s comment, the trial court gave the entire venire a detailed explanation of the jury’s role in deciding the facts based on the evidence presented at the trial, explained the presumption of innocence again, and pointed out that DNA exonerations demonstrated that not all criminal defendants had actually committed the crimes with which they were charged.
Despite the court’s explanations, Rep-pert moved to strike the venire, arguing that the prospective juror’s comment had insinuated that Reppert had a criminal record. The trial court denied this motion but cautioned counsel for both Reppert and the State to avoid asking further questions of this prospective juror. Despite the remainder of voir dire being uneventful, Reppert renewed his motion to strike the venire on the same basis at the close of jury selection and again before the jury panel was sworn. The trial court denied these renewed motions. In this appeal, Reppert contends that the trial court’s refusal to strike the entire venire was error.
Contrary to Reppert’s claim of trial court “error,” the question before this court is whether the trial court abused its discretion in refusing to strike the venire based on this prospective juror’s comment.
“The decision whether to dismiss any or all jurors lies in the sound discretion of the trial judge.” United States v. Jones, 696 F.2d 479, 492 (7th Cir.1982). “It is within the discretion of the trial court to determine whether remarks made by veniremen during the examination of the panel are prejudicial; and the trial court’s decision not to quash the panel will not be disturbed absent an abuse of that discretion.” State v. Davis, 806 S.W.2d 441, 443 (Mo.Ct.App.1991).
Bauta v. State, 698 So.2d 860, 861-62 (Fla. 3d DCA 1997). When a prospective juror comments on a defendant’s criminal history and expresses some knowledge of the defendant himself, it is an abuse of discretion not to strike the venire. See, e.g., Richardson v. State, 666 So.2d 223, 224 (Fla. 2d DCA 1995); Wilding v. State, 427 So.2d 1069, 1069 (Fla. 2d DCA 1983). However, when a prospective juror simply expresses a personal opinion of the criminal justice system, that opinion, without more, is usually insufficient to taint the remainder of the venire. See Hayes v. State, 954 So.2d 1265, 1266 (Fla. 5th DCA 2007); see also Brower v. State, 727 So.2d 1026, 1027 (Fla. 4th DCA 1999) (noting that prospective jurors “are frequently exposed ... to innumerable comments, attitudes, and points of view” and that improper remarks made by prospective jurors that were not directed at the defendant were insufficient to warrant striking the venire). The presumption that the venire members can abide by their oath does not disappear simply because one prospective juror expresses a provocative opinion for an ulterior purpose.
In this case, the prospective juror’s comment could not be construed as imparting any knowledge of Reppert’s past criminal activities. Instead, the comment expressed only the prospective juror’s personal belief that individuals facing a crimi *527 nal trial had probably engaged in criminal activity in the past, and the comment was apparently made in an effort to be excused from jury duty. Under these circumstances, we fail to see how this comment could have tainted the remainder of the venire. Moreover, any possible taint that might have arisen was dissipated by the trial court’s detailed explanation of the law following the prospective juror’s comment. Accordingly, because we cannot say that the trial court’s decision to refuse to strike the venire constituted an abuse of discretion or that Reppert was tried before a partial or tainted jury, we affirm.
Affirmed.
NORTHCUTT and BLACK, JJ., Concur.