SWANSON, J.
In this direct criminal appeal, appellant claims the trial court abused its discretion when it denied his motion to strike the entire venire after a potential juror commented about appellant’s criminal history. Because this claim was not properly preserved for appeal, we affirm.
During voir dire, the prosecutor asked, “Is there anything that has come up about anything I’ve asked you that you think we need to know about?” A prospective juror responded:
PROSPECTIVE JUROR: I work for the road department and we work with prisoners all the time, and I don’t — I thought I’ve seen him before but I don’t really know.
[PROSECUTOR]: You might have seen the defendant?
PROSPECTIVE JUROR: Yeah.
Defense counsel then approached the bench and requested the trial court to strike the entire venire on the ground the prospective juror’s comment “puts it in the jury’s mind, potentially in the panel’s mind that [appellant] is a convicted felon or at least been incarcerated or imprisoned.” The prosecutor opposed the request, arguing the juror could have meant that he worked with appellant or had seen him along the road, not necessarily that appellant was a prisoner. The trial court denied appellant’s motion, reasoning the comment was not “significant enough to have infected the panel.” At the conclu *699 sion of jury selection, six jurors and two alternates were selected without objection. Later, the jury was sworn without objection.
On appeal, appellant claims the trial court abused its discretion in denying his motion to strike the venire after the potential juror indicated he might have recognized appellant as a prisoner through his employment with the road department, citing Turner v. State, 51 So.3d 542, 543 (Fla. 5th DCA 2010), and Richardson v. State, 666 So.2d 223, 224 (Fla. 2d DCA 1995). The state correctly responds that this claim is not preserved for appeal because appellant’s motion was not renewed once jury selection was complete or before the jury was sworn. See McPhee v. State, 117 So.3d 1137, 1138 (Fla. 3d DCA 2012) (citing Carratelli v. State, 961 So.2d 312 (Fla.2007), for the proposition that preservation of a challenge to a potential juror requires more than one objection, and the objecting party must renew and preserve the objection before the jury is sworn); Hayes v. State, 954 So.2d 1265, 1266 (Fla. 5th DCA 2007) (holding that although defendant did not formally accept the jury panel, defendant failed to preserve his claim that the trial court should have granted his motion to strike the entire venire where he failed to renew his objection or motion to strike prior to the jury being sworn). Thus, we affirm due to the lack of preservation.
AFFIRMED.
ROBERTS and RAY, JJ., concur.